

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00145-CV

_____

AURTHOR J. MANNING, JR., Appellant

V.

FUNIMATION, Appellee

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-322692-21

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

Appellant Aurthur J. Manning, Jr. attempts to appeal a dismissal order, but he filed his notice of appeal several months too late.

"[T]he time for filing a notice of appeal is jurisdictional in this court, and absent a timely[ ]filed notice of appeal or timely[ ]filed motion for extension, we must dismiss the appeal." *Mitchell v. Estrada*, No. 02-22-00005-CV, 2022 WL 1183342, at *1 (Tex. App.—Fort Worth Apr. 21, 2022, no pet. h.) (mem. op.) (quoting *In re Guardianship of Fulbright*, No. 02-16-00230-CV, 2016 WL 4395804, at *1 (Tex. App.—Fort Worth Aug. 18, 2016, no pet.) (per curiam) (mem. op.)); *see* Tex. R. App. P. 25.1(b). Generally, a notice of appeal must be filed within 30 days after the appealable judgment or order is signed. Tex. R. App. P. 26.1. Or, if the appellant files a motion for new trial or other qualifying postjudgment motion to extend the deadline, the notice of appeal must be filed within 90 days after the appealable judgment or order is signed.[1] Tex. R. App. P. 26.1(a).

On July 28, 2021, the trial court signed an appealable order dismissing Manning's case. Manning's notice of appeal was due within 30 days (by August 27, 2021), and if he filed a motion for new trial, his notice was due within 90 days (by

---

[1]An appellant can also request a 15-day extension if the request is filed within 15 days after the deadline for the notice of appeal. *See* Tex. R. App. P. 26.3. But Manning did not request an extension, nor did he file his notice of appeal within 15 days after its deadline. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

October 26, 2021). But Manning did not file his notice of appeal until April 26, 2022—more than 270 days after the judgment was signed.

Consequently, we notified the parties that the notice of appeal appeared untimely, and we expressed our concern that we lacked jurisdiction over the appeal. We warned that we would dismiss the appeal for want of jurisdiction unless Manning (or any other party) filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3.

Manning sent a response[2] indicating that he had filed a motion for new trial.[3] He subsequently provided an eFileTexas receipt for a motion for new trial that he had filed on June 30, 2021, nearly a month before the dismissal order.

Even if we were to construe this premature motion as timely, though, *see* Tex. R. App. P. 27.2, it would not show grounds for continuing the appeal. A timely

---

[2]Before Manning filed his response, he filed a "petition for review" complaining of the dismissal. The "petition for review" did not state any legal basis for continuing the appeal.

[3]In addition to the eFileTexas receipt for his motion for new trial, Manning provided eFileTexas receipts showing (1) that he attempted to file another motion for new trial on September 20, 2021 but it was returned to him; and (2) that he filed an unidentified document later that same day, on September 20, 2021. Neither of these receipts provide a legal basis for continuing the appeal. Indeed, even if the motion for new trial that Manning attempted to file on September 20 had been accepted, the motion would have been untimely and therefore a nullity, ineffective to extend the appellate deadlines. *See* Tex. R. Civ. P. 329b; *Scott v. Wichita Cnty.*, No. 2-07-154-CV, 2007 WL 1952380, at *1 (Tex. App.—Fort Worth July 5, 2007, no pet.) (per curiam) (mem. op.) (holding "untimely motion for new trial did not extend [the appellant's] deadline for filing his notice of appeal").

motion for new trial would have extended Manning's deadline only until October 26, 2021, and his April 26, 2022 notice would still have been more than 180 days too late. *See* Tex. R. App. P. 26.1(a).

Manning has thus failed to invoke this court's jurisdiction; he failed to file a timely notice of appeal, and he failed to file a response showing grounds for continuing the appeal. *See In re Guardianship of White*, No. 02-21-00300-CV, 2022 WL 488936, at *2 (Tex. App.—Fort Worth Feb. 17, 2022, no pet.) (mem. op.) (holding similarly after appellants filed untimely notice of appeal and failed to show grounds for continuing the appeal). Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: May 19, 2022